Richmond, P. J.,
delivered the opinion of the court.
In June, 1889, George Brown was charged with the crime' of being an accessory to the robbery of the San Miguel County Bank of Telluride, Colorado. The offense is charged to have been committed in the county of Montezuma. Hearing was had before a justice of the peace in Montezuma county, and Brown was held to await the action of the grand jury of the district court; failing to give bond and there being no jail in Montezuma county, the justice of the peace committed Brown to the jail of San Miguel county. December 1, 1889, the commissioners of San Miguel county presented its accounts to the county of Montezuma for the board of Brown and other expenses. The bill was disallowed. Suit was brought to recover the sum of $819, with interest. Motion to quash the summons was interposed and overruled. Thereafter motion to change the venue was made on the ground that the cause of action was not founded on a bill of exchange, promissory note or book account, or for goods sold and delivered, or a contract to be performed in San Miguel county; that the liability of Montezuma county, if any, was statutory and therefore the suit should have been commenced in Montezuma county; this motion was overruled. A demurrer to the complaint was then filed and overruled. Defendant *139 elected to stand by the demurrer and judgment was rendered for the amount claimed. To reverse this judgment this writ of error is prosecuted.
We experience no difficulty in reaching a conclusion in this case and sustaining the action of the court below. Montezuma county having no jail, the justice of the peace was warranted by the statute in issuing the mittimus, directing the sheriff of the county of San Miguel to receive and’keep in custody the prisoner, and the obligation to receive the prisoner is imperatively imposed upon the sheriff and jailor of that county. The burden of the expense of so keeping a party rests upon the county where the offense is alleged to have been committed, and the statute makes it the duty of such county to reimburse the county for expenses incurred in and about the boarding and keeping of a prisoner in cash.
There is no escaping the conclusion that the cause of action accrued in San Miguel county, and this being so the right to commence the action in that count}' cannot be doubted. We think the complaint sufficiently set forth a cause of action, that the suit was properly instituted in the county of San Miguel, and that the action of the court in overruling the demurrer and refusing to change the venue is' amply supported by the provisions of the Code and the General Statutes of the state controlling transactions of this kind. Mills Ann. Stats. § 2516; D. & N. O. Con. Co. v. Stout, 8 Colo. 61.
The judgment therefore will be affirmed.

Affirmed.